UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

BRYAN E. SMITH,

        Plaintiff,

v.                                                   4:11-cv-40

CITY OF WINCHESTER POLICE DEPARTMENT,

        Defendant.

**MEMORANDUM AND ORDER**

The court is in receipt of a *pro se* prisoner's civil rights complaint under 42 U.S.C. § 1983 and an application to proceed *in forma pauperis*. It appears from the application that the plaintiff lacks sufficient financial resources to pay the $350.00 filing fee. Accordingly, pursuant to 28 U.S.C. § 1915(b)(4), the Clerk is **DIRECTED** to file this action without the prepayment of costs or fees or security therefor as of the date the complaint was received. However, for the reasons stated below, process shall not issue and this action is **DISMISSED**.

Plaintiff is an inmate in the Franklin County Jail. The defendant is the Police Department for the City of Winchester, Tennessee. Plaintiff alleges a history of harassment on the part of the defendant.

The City of Winchester Police Department is not a suable entity within the meaning of 42 U.S.C. § 1983. *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) (a police department is not an entity which can be sued under § 1983); *see also De La Garza v. Kandiyohi County Jail*, 18 F. App'x 436, 437 (8th Cir. 2001) (neither a county jail nor a sheriff's department is a suable entity); *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992) ("[s]heriff's departments and police departments are not usually considered legal entities subject to suit").

In addition, pursuant to the Prison Litigation Reform Act, courts no longer have discretion to allow a plaintiff to amend his complaint to avoid dismissal. *See McGore v. Wrigglesworth,* 114 F.3d 601, 612 (6th Cir. 1997); *see also Hawkins v. Morse*, No. 98-2062, 1999 WL 1023780 *1 (6th Cir. Nov. 4, 1999) ("The PLRA requires district courts to screen cases at the moment of filing. The court is not required to allow a plaintiff to amend his complaint in order to avoid a sua sponte dismissal.") (citations omitted).

Although this court is mindful that a *pro se* complaint is to be liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), it is quite clear that the plaintiff has not alleged the deprivation of any constitutionally protected right, privilege or immunity, and, therefore, the court finds his claims to be frivolous under 28 U.S.C. §§ 1915(e) and 1915A. It appears beyond doubt that plaintiff can prove no set of facts which would entitle him to relief, *Malone v. Colyer*, 710 F.2d 258 (6th Cir. 1983), and that plaintiff's claim lacks an arguable basis in law and fact, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Therefore, this

2

action is **DISMISSED** *sua sponte*, as frivolous and for failure to state a claim upon which relief can be granted under § 1983. The court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

Because the plaintiff is an inmate in the Franklin County Jail, he is herewith **ASSESSED** the civil filing fee of $350.00. Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of the plaintiff's inmate trust account at the institution where he now resides is directed to submit to the Clerk, U.S. District Court, 200 South Jefferson Street, Room 201, Winchester, Tennessee 37398, as an initial partial payment, whichever is greater of:

(a)  twenty percent (20%) of the average monthly deposits to the plaintiff's inmate trust account; *or*

(b)  twenty percent (20%) of the average monthly balance in the plaintiff's inmate trust account for the six-month period preceding the filing of the complaint.

Thereafter, the custodian shall submit twenty percent (20%) of the plaintiff's preceding monthly income (or income credited to the plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Clerk is **DIRECTED** to send a copy of this Memorandum and Order to the Sheriff of Franklin County, Tennessee, and the county attorney for Franklin County,

3

Case 4:11-cv-00040   Document 4   Filed 11/01/11   Page 3 of 4   PageID #: 17

Tennessee, to ensure that the custodian of the plaintiff's inmate trust account complies with that portion of the Prison Litigation Reform Act relating to payment of the filing fee. The Clerk is further **DIRECTED** to forward a copy of this Memorandum and Order to the court's financial deputy.

**E N T E R :**

                                        */s/Harry S. Mattice, Jr.*
                                        HARRY S. MATTICE, JR.
                                        UNITED STATES DISTRICT JUDGE